UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

ANA P. ROMANELLI
and other similarly situated individuals,

    Plaintiff (s),

v.

HALO OF MIAMI LLC,
I LOVE MIAMI LLC,
BLISS OF MIAMI LLC,
and
RAMI DABAKH, and YOGEV BEN SHITRIT, individually.

    Defendants,

_____ /

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ANA P. ROMANELLI, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants HALO OF MIAMI LLC, I LOVE MIAMI LLC, BLISS OF MIAMI LLC, RAMI DABAKH, and YOGEV BEN SHITRIT, individually and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid half-time overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ANA P. ROMANELLI is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendants HALO OF MIAMI LLC, I LOVE MIAMI LLC, BLISS OF MIAMI LLC, are Florida corporations, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and always material hereto Defendants were and are engaged in interstate commerce.

4. Pursuant to 29 U.S.C. § 203 (r)(1) and pursuant to 29 C.F.R. §791.2, Defendants HALO OF MIAMI LLC, I LOVE MIAMI LLC, and BLISS OF MIAMI LLC, are a joint enterprise, and joint employers of Plaintiff.

5. The individual Defendants RAMI DABAKH, and YOGEV BEN SHITRIT were and are now, owners-partners and managers of HALO OF MIAMI LLC, I LOVE MIAMI LLC, and BLISS OF MIAMI LLC. Defendants had control, directed operations of the corporation and they are the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]**.**

6. All the actions raised in this complaint took place in Miami-Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

7. This cause of action is brought by Plaintiff ANA P. ROMANELLI as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after July 2016 (the "material time") without being properly compensated.

8. Corporate Defendants HALO OF MIAMI LLC, I LOVE MIAMI LLC, and BLISS OF MIAMI LLC are retail stores specialized in selling beach outfits and related articles, souvenirs, and novelties. Defendants cater mostly to tourists and beachgoers.

9. Pursuant to 29 U.S.C. § 203 (r)(1), Defendants HALO OF MIAMI LLC, I LOVE MIAMI LLC, and BLISS OF MIAMI LLC were and are now, a joint enterprise because: 1) the three companies had the same or related business activities; 2)the three companies shared logistics, equipment and supplies; 3) HALO OF MIAMI LLC, I LOVE MIAMI LLC, and BLISS OF MIAMI LLC operated as a single unit, for a common business purpose; 4) Between HALO OF MIAMI LLC, I LOVE MIAMI LLC, and BLISS OF MIAMI LLC, existed unified operation and common control because individual Defendants RAMI DABAKH, and YOGEV BEN SHITRIT controlled the day to day operations of the three corporations, and they operated as a single unit for a common business purpose; 5) HALO OF MIAMI LLC, I LOVE MIAMI LLC, and BLISS OF MIAMI LLC had interdependent financial interest, because each company operated the same or related business.

10. Pursuant 29 C.F.R. §791.2, HALO OF MIAMI LLC, I LOVE MIAMI LLC, and BLISS OF MIAMI LLC, were joint employers because: 1) HALO OF MIAMI LLC, I LOVE MIAMI LLC, and BLISS OF MIAMI LLC through its owners/partners/managers RAMI DABAKH, and YOGEV BEN SHITRIT had equal and absolute control over the Plaintiff and other employees similarly situated; 2) RAMI DABAKH, and YOGEV BEN SHITRIT assigned duties to Plaintiff and other employees similarly situated; 3) HALO OF MIAMI LLC, I LOVE MIAMI LLC, and BLISS OF MIAMI LLC through their managers, jointly and equally determined terms and employment conditions of Plaintiff and other employees similarly situated; 4) The work of Plaintiff simultaneously benefited the three corporations,

Defendants shared employees; 5) The work performed by Plaintiff and other similarly situated individuals were an integral part of the business operation of HALO OF MIAMI LLC, I LOVE MIAMI LLC, and BLISS OF MIAMI LLC.

11. Therefore, because the work performed by Plaintiff and other similarly-situated individuals, simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants HALO OF MIAMI LLC, I LOVE MIAMI LLC, and BLISS OF MIAMI LLC are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2.

12. Defendants HALO OF MIAMI LLC, I LOVE MIAMI LLC, and BLISS OF MIAMI LLC, hereinafter will be called collectively I LOVE MIAMI LLC, or corporate Defendant.

13. Defendants I LOVE MIAMI LLC, RAMI DABAKH, and YOGEV BEN SHITRIT, employed Plaintiff ANA P. ROMANELLI as a non-exempt, full time, hourly employee approximately from July 01, 2014, to July 27, or more than 5 years. However, for FLSA purposes the relevant time of employment is 156 weeks.

14. Plaintiff was hired as a full-time store attendant, to perform general store work. Plaintiff performed as salesperson, cashier, customer service, receiving person, stocking clerk, cleaning person etc. During all her time of employment with Defendants Plaintiff performed the same duties.

15. Within the relevant period, Plaintiff was paid at the wage rate of $10.00, $11.00, and $12.00 an hour. In addition, Plaintiff frequently received production bonus of $25.00, $50.00 or more, depending on the production of the store. These production bonus should be added to Plaintiff's regular wages.

16. Plaintiff worked in different times and periods at the three stores operated by Defendants. Plaintiff always worked under the supervision of Defendants RAMI DABAKH and YOGEV BEN SHITRIT, which were the owners and managers of the stores.

17. During her relevant period of employment with Defendants, Plaintiff always worked 6 days per week an irregular schedule. Plaintiff worked 3 days per week a regular shift, and 3 days a double shift.

18. Usually Plaintiff worked from Monday to Wednesday from 8:30 AM to 5:00 PM (8.5 hours each day); on Thursdays Plaintiff worked from 8:30 AM to closing time 11:00 PM (14.5 hours); and on Fridays and Saturdays Plaintiff worked from 8:30 AM to closing time 12:00 AM (15.5 hours each day). When working this schedule, Plaintiff completed 71 working hours every week. Sometimes, Plaintiff worked 80 hours and more. Plaintiff was unable to take bona-fide lunch periods.

19. Plaintiff clocked in and out, but she did not receive any paystub, any kind of records, or any check. During all her time of employment with Defendants, Plaintiff was paid strictly on cash basis.

20. Plaintiff is not in possession of time and payment records, and to facilitate preliminary calculations, she is going to provide a good faith estimate of unpaid overtime hours based on an average of 70 working hours weekly, which were paid at regular rate. Currently, Plaintiff is not including the production bonus in her regular rate because she is not in possession of payment records. Plaintiff will adjust her statement of claim after proper discovery.

21. Plaintiff worked the hours, periods, at the rates, specified below:

22. 1.- <u>From July 27, 2016 to approximately October 31, 2017, or 66 weeks,</u> Plaintiff worked 70 hours weekly at the rate of $10.00 an hour.

    2.- <u>From November 01, 2016 to approximately April 31, 2019, or 78 weeks,</u> Plaintiff worked 70 hours weekly at the rate of $11.00 an hour.

    3.-<u>From May 01, 2019 to approximately July 27, 2019, or 12 weeks,</u> Plaintiff worked 70 hours weekly at the rate of $12.00 an hour.

23. During her entire employment with Defendants, Plaintiff worked many overtime hours that were not paid to her. Plaintiff did not clock in and out, but Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals.

24. Plaintiff did not meet the requirements for any kind of exemption under the Fair Labor Standards Act., and she was entitled to be paid overtime hours.

25.  Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

26. On or about July 27, 2019, Plaintiff left her employment to pursue better job opportunities.

27. Plaintiff ANA P. ROMANELLI seeks to recover any half-time overtime hours, liquidated damages, and any other relief as allowable by law.

28. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

29. Plaintiff ANA P. ROMANELLI re-adopts every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

30. Defendants HALO OF MIAMI LLC, I LOVE MIAMI LLC, and BLISS OF MIAMI LLC, are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2.

31. Defendants HALO OF MIAMI LLC, I LOVE MIAMI LLC, BLISS OF MIAMI LLC, hereinafter will be called collectively I LOVE MIAMI LLC or corporate Defendant.

32. Defendant I LOVE MIAMI LLC was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant is a retail business selling beach outfits, novelties and souvenirs, catering mostly to tourist. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

33. Plaintiff and those similarly situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a salesperson and store attendant who handled credit card transactions and assisted mostly tourists. Additionally, Plaintiff ordered supplies,

worked on, and handled merchandise that was produce for commerce, and moved in interstate commerce at any point of business. Therefore, there is individual coverage.

34. Defendants I LOVE MIAMI LLC, RAMI DABAKH, and YOGEV BEN SHITRIT, employed Plaintiff ANA P. ROMANELLI as a non-exempt, full time, hourly employee approximately from July 01, 2014, to July 27, or more than 5 years. However, for FLSA purposes the relevant time of employment is 156 weeks.

35. Plaintiff was hired as a full-time store attendant, to perform general store work. Plaintiff performed as salesperson, cashier, customer service, receiving person, stocking clerk, cleaning person etc. During all her time of employment with Defendants Plaintiff performed the same duties.

36. Within the relevant period, Plaintiff was paid at the wage rate of $10.00, $11.00, and $12.00 an hour. In addition, Plaintiff frequently received production bonus of $25.00, $50.00 and more, depending on the production of the store. This production bonus should be added to Plaintiff's regular wages.

37. Plaintiff worked different times and periods at the three stores operated by Defendants. Plaintiff always worked under the supervision of Defendants RAMI DABAKH and YOGEV BEN SHITRIT, which were the owners and managers of the stores.

38. During her relevant period of employment with Defendants, Plaintiff always worked 6 days per week an irregular schedule. Plaintiff worked 3 days per week a regular shift, and 3 days a double shift.

39. Usually Plaintiff worked from Monday to Wednesday from 8:30 AM to 5:00 PM (8.5 hours each day); on Thursdays Plaintiff worked from 8:30 AM to closing time 11:00 PM (14.5 hours); and on Fridays and Saturdays Plaintiff worked from 8:30 AM to closing time 12:00

AM (15.5 hours each day). When working this schedule, Plaintiff completed 71 working hours every week. Sometimes, Plaintiff worked 80 hours and more. Plaintiff was unable to take bona-fide lunch periods.

40. Plaintiff worked the hours, periods, at the rates, specified below:

41. 1.- <u>From July 27, 2016 to approximately October 31, 2017, or 66 weeks,</u> Plaintiff worked 70 hours weekly at the rate of $10.00 an hour.

    2.- <u>From November 01, 2016 to approximately April 31, 2019, or 78 weeks,</u> Plaintiff worked 70 hours weekly at the rate of $11.00 an hour.

    3.-<u>From May 01, 2019 to approximately July 27, 2019, or 12 weeks,</u> Plaintiff worked 70 hours weekly at the rate of $12.00 an hour.

42. Plaintiff worked more than 40 regular hours, but she was not paid for overtime hours.

43. Plaintiff did not meet the requirements for any kind of exemption under the Fair Labor Standards Act., and she was entitled to be paid overtime hours.

44. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

45. To facilitate preliminary calculations Plaintiff is claiming half-time unpaid wages based on an average of 70 hours weekly, at her regular rate, without including any production bonus. Calculations will be adjusted after Defendants produce time records.

46. Plaintiff was paid strictly on cash basis without any kind of paystub providing basic information about hours worked, wage rate, employment taxes withheld, etc.

47. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain time accurate records of hours worked by Plaintiff and other employees.

48. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

49. Defendants never posted any notice, as required by the Fair Labor Standards Act, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

50. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid off the clock overtime wages is as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures will be adjusted as discovery could dictate.

   a. <u>Total amount of alleged half-time unpaid O/T wages</u>:

   Twenty-Four Thousand Nine Hundred Thirty Dollars and 00/100 ($24,930.00)

   b. <u>Calculation of such wages</u>:

   Total weeks of employment: 156 weeks

1.- <u>From July 27, 2016 to approx. October 31, 2017, or 66 weeks, paid at $10.00 an hour</u>

   Relevant weeks of employment: 66 weeks
   Total number of hours worked: 70 hours weekly average
   Total number or paid hours: 70 hours average weekly
   Total number of Overtime hours: 30 average (paid at $10.00 an hour)
   Regular Rate: $10.00 an hour x 1.5= $15.00 O/T rate
   O/T rate: $15.00-$10.00 paid= $5.00 unpaid half-time

   Unpaid half-time $5.00 x 30 O/T hours= $150.00 weekly
   $150.00 weekly x 66 weeks= $9,900.00

2.- <u>From November 01, 2016 to approx. April 31, 2019, or 78 weeks, paid at $11.00</u>

   Relevant weeks of employment:  66 weeks
   Total number of hours worked:  70 hours weekly average
   Total number or paid hours: 70 hours average weekly
   Total number of overtime hours: 30 average (paid at $11.00 an hour)
   Regular Rate: $11.00 an hour x 1.5= $16.50 O/T rate
   O/T rate: $16.50-$11.00 paid= $5.50 unpaid half-time

   Unpaid half-time $5.50 x 30 O/T hours= $165.00 weekly
   $165.00 weekly x 78 weeks= $12,870.00

3.- <u>From May 01, 2019 to approximately July 27, 2019, or 12 weeks, paid at $12.00</u>

   Relevant weeks of employment:  12 weeks
   Total number of hours worked:  70 hours weekly average
   Total number or paid hours: 70 hours average weekly
   Total number of overtime hours: 30 average (paid at $12.00 an hour)
   Regular Rate: $12.00 an hour x 1.5= $18.00 O/T rate
   O/T rate: $18.00-$12.00 paid= $6.00 unpaid half-time

   Unpaid half-time $6.00 x 30 O/T hours= $180.00 weekly
   $180.00 weekly x 12 weeks= $2,160.00

   Total unpaid half-time O/T 1, 2, and 3: $24,930.00

  c.  <u>Nature of wages (e.g. overtime or straight time):</u>

    This amount represents unpaid half-time overtime wages.

51. At all times, the Employer/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

52. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains

owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

53. At the times mentioned, individual Defendants RAMI DABAKH and YOGEV BEN SHITRIT were the owners and managers of I LOVE MIAMI LLC. Defendants RAMI DABAKH and YOGEV BEN SHITRIT were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that these individual Defendants, acted directly in the interests of I LOVE MIAMI LLC in relation to its employees, including Plaintiff and others similarly situated. Defendants RAMI DABAKH and YOGEV BEN SHITRIT had financial and operational control of the corporation, provided Plaintiff and other similarly situated employees with their work schedule, and they are jointly and severally liable for Plaintiff's damages.

54. Defendants I LOVE MIAMI LLC, RAMI DABAKH and YOGEV BEN SHITRIT willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment, as set forth above.

55. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly situated respectfully requests that this Honorable

Court:

A. Enter judgment for Plaintiff ANA P. ROMANELLI and other similarly situated individuals and against the Defendants I LOVE MIAMI LLC, RAMI DABAKH and YOGEV BEN SHITRIT, based on Defendants willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff ANA P. ROMANELLI actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ANA P. ROMANELLI demands trial by jury of all issues triable as of right by jury.

Dated:  August 5, 2019,

>Respectfully submitted,
>
>By:  /s/ **Zandro E. Palma**
>ZANDRO E. PALMA, P.A.
>Florida Bar No.: 0024031
>9100 S. Dadeland Blvd.
>Suite 1500
>Miami, FL 33156
>Telephone: (305) 446-1500
>Facsimile:  (305) 446-1502
>zep@thepalmalawgroup.com
>*Attorney for Plaintiff*